IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| M.L.R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Civil No. 21-17326 (RMB) <br><br><br> OPINION |

**BUMB**, U.S. District Judge:

This matter comes before the Court upon an appeal by Plaintiff from a denial of social security disability benefits. For the reasons set forth below, the Court shall vacate the decision of the Administrative Law Judge ("ALJ") and remand for proceedings consistent with this Opinion's reasoning.

**I.     STANDARD OF REVIEW**

When reviewing a final decision of an ALJ regarding disability benefits, the Court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." 42 U.S.C. § 405(g); *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). "Substantial evidence" means "'more than a mere scintilla' or "such relevant evidence as a reasonable mind might

accept as adequate." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Cons. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Plummer*, 186 F.3d at 427 (citations omitted). In addition to the "substantial evidence" inquiry, the Court must also determine whether the ALJ applied the correct legal standards. *See Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983); *see also Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. *Sykes*, 228 F.3d at 262 (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382(c)(a)(3)(A). The Act further states the following:

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 1382(c)(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's alleged disability status for purposes of social security benefits, as outlined in 20 C.F.R. §§ 404.1520(a)(4)(i-v). The analysis proceeds as

follows:

>   At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. *Id.* Otherwise, the ALJ moves on to step two.
>
>   At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
>
>   At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
>
>   At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.
>
>   At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] ... age, education, and work experience[.]" *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

*Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201-02 (3d Cir. 2019) (alterations in original).

## II.     FACTS

The Court recites herein only the facts that are necessary to its determination on appeal. Plaintiff filed an initial application for a period of disability and disability insurance benefits ("DIB"), alleging an onset date of disability beginning May 6, 2014. [Docket No. 9 (hereafter "Plaintiff's Brief"), at 4 (citing Docket No. 4 (hereafter the "Administrative Record" or "AR"), at 20001).] After her application was denied, both initially and upon reconsideration, Plaintiff requested a hearing before an ALJ, which was held on May 18, 2018, before the Honorable John Campbell ("ALJ Campbell"), who ultimately issued a decision that Plaintiff was not under a "disability" within the meaning of the Social Security Act. [*Id.* at 4 (citing AR at 7–27).] Then, on May 7, 2019, Plaintiff filed a Complaint in U.S. District Court, appealing ALJ Campbell's decision, and her case was assigned to U.S. District Judge Noel L. Hillman. [*See* Civ. No. 19-12213 (NLH).]

One of the challenges Plaintiff raised on appeal concerned whether ALJ Campbell was constitutionally appointed or lacked such authority to decide Plaintiff's case in the first instance. [*Id.*, Docket No. 6.] Plaintiff's case was placed on an administrative stay by the Court because this same issue was pending before the Third Circuit U.S. Court of Appeals. *See Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152 (3d Cir. 2020) (explaining that at some point in the litigation "the Acting Commissioner of Social Security conceded the premise"—that agency-wide,

4

ALJs might have been unconstitutionally appointed—"and in short order reappointed the agency's administrative judges . . . under her own authority"). On January 23, 2020, the Circuit ruled that exhaustion of an Appointments Clause claim was not required in the social security context and that the claimants were entitled to "new hearings before constitutionally appointed ALJs other than those who presided over [their] first hearings." *Id.* at 159–60.

After the Third Circuit ruled in *Cirko*, the Commissioner filed a motion consenting to the remand of Plaintiff's case for a new hearing before another ALJ, and Judge Hillman entered a Remand Order to this effect on May 28, 2020. [*See* Civ. No. 19-12213, Docket Nos. 12, 13.] Plaintiff's case was then reassigned to the Honorable Nancy Lisewski ("ALJ Lisewski"), who held another administrative hearing, finding that Plaintiff was disabled for purposes of social security benefits; **however**, ALJ Lisewski also found that Plaintiff's "disability" status for social security benefits did not begin until May 1, 2019[1]—instead of on Plaintiff's earlier, alleged onset date of disability of May 6, 2014—the day Plaintiff turned fifty years old and was automatically placed into a new age category with less strict eligibility requirements for social security benefit purposes. [Plaintiff's Brief at 5 (citing AR 2437–63).]

---

[1] Plaintiff alleges that under applicable Social Security rules, Plaintiff actually 'attained age 50' for social security purposes the day before her birthday (*i.e.*, as of April 30, 2019), but in this case, "the date does not change the initial date of entitlement to benefits, [so] the technical error is harmless." [Plaintiff's Brief at 5 n. 2.] Thus, there is no need for the Court to address this point further.

Plaintiff began receiving benefits in October 2019 after the requisite five (5) month waiting period had passed and continues to receive benefits to date. [*Id.*] Thus, Plaintiff's current challenge concerns the determination by ALJ Lisewski that she was not under a disability since her earlier, alleged onset date of May 6, 2014, through May 1, 2019.

### III. ALJ'S DETERMINATION

First, ALJ Lisewski determined that Plaintiff did not engage in substantial gainful activity since the alleged onset date. [AR at 2443.] Moving on to Step Two of the sequential analysis, the ALJ determined that Plaintiff's "cervical and lumbar degenerative disc disease with radiculopathy" was a "severe" impairment because it significantly limited her ability to perform basic work activities during the alleged period of disability, among other things. [*Id.*] Also at Step Two, the ALJ discussed why several of Plaintiff's other impairments did not rise to the level of a "severe" impairment, namely Plaintiff's asthma, rheumatoid arthritis, depressive disorder, and anxiety disorder. [*Id.* at 2443–44.] In connection with Plaintiff's alleged mental health impairments, the ALJ considered each of the four "paragraph B" criteria, finding that Plaintiff had only a mild limitation in each of the four broad areas of functioning measured thereby (understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself). [*Id.* at 2444–45.]

At Step Three, the ALJ found that none of Plaintiff's impairments, or any

6

combination thereof, met or medically equaled the severity of an impairment listed at 20 C.F.R. Part 404, subpart P, Appendix 1. [*Id.* at 2445.] Before turning to Step Four, the ALJ determined that since the alleged onset date, Plaintiff retained the following residual functional capacity ("RFC") to perform "sedentary work," as defined in 20 C.F.R. 404.1567(a), but she can only:

> occasionally climb ramps [and] stairs[;] never climb ladders[,] ropes[, or] scaffolds[;] frequently balance, kneel, crawl[;] and occasionally stoop and crouch. . . frequently finger[,] handle[,] feel[,] and reach except she can [only] occasionally overhead reach bilaterally. . . [and] [s]he would be off task 10% of the workday due to pain symptoms.

[*Id.* at 2446.]

Based on this RFC, the ALJ then found that Plaintiff could not perform her past relevant work in a composite job for Frito Lay working as a truck driver, displayer, and stock clerk since the exertional level of that position was above the sedentary level. [AR at 2450.] However, considering Plaintiff's age, highest level of education (a high school diploma), work experience, and RFC, and the fact that Plaintiff's age category had only recently "changed to an individual closely approaching advanced age," the ALJ concluded that there were jobs in significant numbers in the national economy Plaintiff could have performed, specifically, the roles of Final Assembler, Oiler, or Sorter during the period of allege disability. [*Id.* at 2450–51.]

Thus, the ALJ ultimately concluded that Plaintiff was not disabled for purposes of social security benefits during the relevant period *prior to* her fiftieth

birthday on May 1, 2019. [*Id.* at 2452.]

IV.     **ANALYSIS**

On appeal, Plaintiff challenges two findings by ALJ Lisewski, in particular, as not supported by substantial evidence: (1) the RFC assessment; and (2) that ALJ Lisewski erred at Step Five by relying on testimony from Vocational Expert Jeffrey Nocera ("VE Nocera"), who testified at the administrative hearing before ALJ Campbell, and not the testimony of Vocational Expert Meredith Ross ("VE Ross"), who testified at the administrative hearing before her. [Plaintiff's Brief at 14–19.]

The Court now considers both arguments in turn.

A.      **The RFC Assessment is Supported by Substantial Evidence**

Plaintiff's first challenge is that ALJ's discussion in support of the RFC assessment "is long on summary of what the medical evidence shows but woefully short at supplying a logical nexus between that evidence and any conclusions." [Plaintiff's Brief at 15.] In support of her argument that the RFC assessment is not sufficient to account for her symptoms, Plaintiff highlights her ongoing back pain and points to the findings of two (2) doctors, Dr. Bagner and Dr. Wilchfort, who found that she experienced "pain on movement of the lower back" and "pain with all motions and . . . [was] crying in pain throughout the examination," respectively. [*Id.* at 14–16 (citations omitted).] Plaintiff has not identified a specific limitation that the ALJ should have included in the RFC assessment or identified any limitation she did include but that should have been more restrictive to account for any of Plaintiff's

medically determinable impairments. Instead, the Court finds that Plaintiff's first argument challenges the sufficiency of the explanation given by ALJ Lisewski at this step of the sequential analysis.

At the outset, the Court finds that each of the exertional limitations included by ALJ Lisewski in the RFC assessment directly relate to Plaintiff's ongoing back pain, including limitations for sedentary work only, 10% time off task during the workday "due to pain symptoms," and restrictions on activities like climbing, balancing, stooping, handling, reaching, etc. [AR at 2446.] Indeed, ALJ Lisewski did summarize the findings of both Dr. Bagner and Dr. Wilchfort in her decision, noting that Plaintiff experienced significant pain symptoms when evaluated by both doctors in 2015. [*Id.* at 2449.] ALJ Lisewski also went on to clarify that she had considered the findings of both doctors in formulating the RFC even though neither doctor "provide[d] an opinion regarding [Plaintiff's] residual functional capacity." [*Id.*]

The Court also finds that Plaintiff's argument regarding ALJ Lisewski's justification for the RFC assessment overlooks a crucial category of medical evidence she cited in the decision, marked in the Administrative Record as Exhibits 34F through 42F and submitted after the first decision was written by ALJ Campbell. [*Id.*] As ALJ Lisewski explained in her decision, this more recent category of medical evidence includes later treatment records from 2017 through 2020 and tends to show that Plaintiff's pain generally improved over time. [*Id.*] More specifically, ALJ Lisewski cited records showing Plaintiff "has had a good response to treatment,"

including with both injections and medicinal marijuana, such that her "[p]ain rated in the middle range with occasional elevated pain. . . and using products ('medications') only sparingly." [*Id.* (citing AR, Exs. 34F, 36F, 37F, 44F).] Although Plaintiff reported experiencing more significant pain symptoms in 2015, there is also medical evidence of record showing that Plaintiff's pain generally improved over time and was alleviated with medication. Further, the limitations included in the RFC assessment are directly related to managing Plaintiff's back pain, and Plaintiff has not persuaded the Court that the limitations included are insufficient to account for Plaintiff's back pain or the resulting symptomology from any of her other impairments.

In any event, it is the exclusive duty of the ALJ, and not this Court, to weigh the extensive amount of medical and non-medical evidence of record and formulate Plaintiff's RFC. *See* 20 C.F.R. § 404.1546(c). Here, the Court is satisfied that ALJ Lisewski carefully performed such duty and provided a detailed and logical rationale in discussing the RFC assessment and that the limitations she included are generally supported by the medical evidence she cited. Thus, the Court finds that ALJ Lisewski adequately explained why she drew the line where she did, and that the RFC assessment is supported by substantial evidence. Plaintiff's first argument for remand fails.

      **B.**    **The ALJ's Did Not Adequately Explain Her Reliance on Testimony from VE Nocera at Step Five**

To justify her decision at Step Five of the sequential analysis, regarding

alternative jobs Plaintiff could be expected to perform consistent with her RFC assessment, ALJ Lisewski provided the following rationale:

> [t]o determine the extent to which these limitations eroded the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would have been able to perform the requirements of representative occupations such as final assembler (DOT 713.687-018), of which there are approximately 207,200 jobs nationally[;] oiler (DOT 715.684-146), of which there are approximately 240,700 jobs nationally[;] and sorter (DOT 521.687-086), of which there are approximately 248,810 jobs nationally, all of which are sedentary, unskilled, SVP 2 jobs.

[AR at 2451.]

Plaintiff is correct that the above cited vocational expert testimony was, in fact, given by VE Nocera on March 23, 2018, at the first administrative hearing before ALJ Campbell. [AR at 78.] In fact, at the administrative hearing held before ALJ Lisewski, almost three (3) years later, VE Ross did not testify about any of the above cited occupations, but only about Plaintiff's ability to perform certain other occupations, namely those of Ticket Taker, Usher, and Cashier, all of which are performed at the light exertional level (*i.e.*, above the maximum sedentary exertional level ALJ Lisewski determined was appropriate for Plaintiff on remand in her RFC assessment). [AR at 3019–20.] The Court is concerned that ALJ Lisewski did not supplement the above analysis and explain why she relied upon this prior vocation expert testimony even though it was elicited at a separate administrative hearing before another ALJ. Indeed, such an explanation is especially necessary here in light

11

of the updated evidentiary record before ALJ Lisewski and Plaintiff's argument that the vocational experts considered similar, but not identical, hypothetical questioning by the ALJs at the separate administrative hearings.

The Commissioner argues that, at most, this constitutes "harmless error" because "the hypothetical question posed to the VE at the first hearing is more restrictive than the RFC set forth to the VE at the second hearing." [Docket No. 12 ("Commissioner's Brief"), at 9 (citing AR 77–78, 3019–20).] Having reviewed the ALJ decisions and transcripts from the administrative hearings held in this case, the Court is not convinced. The Court finds that a fair reading of the record tends to support Plaintiff's counter-position that VE Nocera was questioned about a different, and arguably less restrictive, hypothetical RFC assessment with respect to reaching compared to that considered by VE Ross. More specifically, where VE Nocera was asked by ALJ Campbell about Plaintiff's ability to "*frequently* . . . reach frontal and laterally bilaterally and occasionally reach overhead bilaterally," ALJ Lisewski asked about a seemingly revised limitation she included in the RFC assessment: that Plaintiff could only "*frequently*. . . reach except she can occasionally overhead reach bilaterally," and questioned VE Ross about the same. [*Id.* at 14, 2446.] In other words, ALJ Lisewski appeared to limit *all* reaching to no more than frequently occurring, but ALJ Campbell appeared to limit "frontal and laterally bilaterally" reaching in this respect.

As the record currently stands, the Court agrees with Plaintiff that it is unclear

if VE Norcera's testimony regarding alternative work is consistent with ALJ Lisewski's RFC assessment. Because ALJ Lisewski never explained why she relied upon VE Norcera's testimony, despite finding a seemingly revised RFC assessment with regard to reaching than that relied upon by VE Norcera, the Court shall remand for further clarification on this point. On remand, if ALJ Lisewski determines that any of VE Nocera's testimony is reliable, she must supplement the current decision and explain such finding. Otherwise, she may not rely on VE Nocera's testimony at Step Five. The expert who testified before ALJ Lisewski was VE Ross, but VE Ross was never questioned about Plaintiff's ability to perform the representative occupations ultimately identified by ALJ Lisewski (Final Assembler, Oiler, or Sorter), and the occupations VE Ross did testify about (Ticket Taker, Usher, and Cashier) are each inconsistent with the ALJ Lisewski's RFC assessment. The Court recognizes that ALJ Lisewski may reach the same conclusion on remand, but the following analysis is necessary.

V.      **CONCLUSION**

For the foregoing reasons, the Court shall **vacate** the decision of the ALJ and **remand** for proceedings consistent with the above analysis. On remand, the ALJ shall reconsider whether alternative work exists that Plaintiff could perform during the alleged period of disability in light of the RFC assessment. To the extent the ALJ relies on the testimony of VE Norcera, she must explain why such testimony is consistent with the RFC assessment and not unfairly prejudicial to Plaintiff. An

accompanying Order of today's date shall issue.

Date: <u>November 10, 2022</u>          <u>s/Renée Marie Bumb</u>
                                                       Renée Marie Bumb
                                                       U.S. District Judge